Steve MARSTON, Barry Rubin, Jonathan Moselle, Helen Cooper, Drew Bogema, Dan Zwerdling, Kurt Wieneke, and Laura Magziz, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

ANN ARBOR PROPERTY MANAGERS (MANAGEMENT) ASSOCIATION et al., Defendants-Appellees.

No. 19884.

United States Court of Appeals, Sixth Circuit.

Feb. 20, 1970.

---

837

Virginia Davis Nordin, Ann Arbor, Mich., for appellants.

Peter A. Davis, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., on brief, for Summit Associates.

William D. Barense, Dobson, Griffin & Barense, Ann Arbor, Mich., on brief, for John C. Stegeman, J. L. Shipman and Charter Realty.

Jack Becker, Ann Arbor, Mich., on brief, for Ann Arbor Trust Co.

John R. Hathaway, Hooper, Hathaway & Fichera, Ann Arbor, Mich., on brief, for Wilson White Co.

Norman D. Katz, Katz & Victor, Detroit, Mich., on brief for Campus Management, Inc.

Kent P. Talcott, Ellis & Talcott, Ann Arbor, Mich., on brief, for Apartments Limited, Inc.

Before PHILLIPS, Chief Judge, and PECK and COMBS, Circuit Judges.

PER CURIAM.

This appeal is from a judgment dismissing the complaint. The suit was filed as a class action seeking injunction to restrain defendants from conspiring to fix the price level of rental apartments in Ann Arbor, Michigan, and from attempting to control the supply of new apartments. Treble damages were sought for the economic injury sustained by plaintiffs and other members of the class who have lived in defendants' apartments during the last four years. Federal jurisdiction is predicated upon Section 4 of the Clayton Act, as amended, 15 U.S.C. § 15, and damages to plaintiffs are claimed because of alleged violations of Section 1 of the Sherman Act.

Plaintiffs, who are students at the University of Michigan, allege that they are residents of Ann Arbor, Michigan, and live in "modern apartments" owned or managed by some of the defendants. They allege that defendants through conspiracy and concerted action, control the apartment rental market available to plaintiffs; that defendants have restricted construction of new apartments and have fixed unreasonably high rentals on the apartments which are available.

Defendants, by counterclaim, allege that plaintiffs have conspired to form a "tenants union" and have engaged in a concerted withholding of rents. They pray that plaintiffs be ordered to return, or cause to be returned and paid to those lawfully entitled thereto, rental funds which they allege have been wrongfully withheld and deposited in the Bank of Montreal, Windsor, Canada. The district court also dismissed the counterclaim.

The district judge, in a memorandum opinion, held:

"It is clear from the complaint that the restraints alleged relate only to the rental of real estate in the Ann Arbor area. This is local commerce and the competition allegedly restrained and interfered with is local in nature. There is no evidence that defendants' business has, or will have, a substantial adverse effect on interstate commerce."

We agree with the district judge that plaintiffs have not pleaded a Sherman Act case.

The judgment is affirmed.